**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JUAN FRANCISCO-SILVESTRE,**

    Petitioner,

v.                                                             **Civ. No. 19-1192 KWR/KK
                                                                           (Cr. No. 19-1145-KWR-KK)**

**UNITED STATES OF AMERICA,**

    Respondent.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on *pro se* Petitioner Juan Francisco-Silvestre's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) ("Motion"), filed December 20, 2019.[2] The Government responded in opposition to the Motion on February 21, 2020, (Doc. 5), and Mr. Francisco-Silvestre filed a reply in support of it on March 13, 2020. (Doc. 6.) The undersigned has thoroughly reviewed the pleadings in this proceeding and the record in the underlying criminal case, Cr. No. 19-1145-KWR-KK. Because the Motion and record conclusively establish that Mr. Francisco-Silvestre is not entitled to relief, an evidentiary hearing is unnecessary. 28 U.S.C. § 2255(b); *United States v. Flood*, 713 F.3d 1281, 1291 (10th Cir. 2013); *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000). Having carefully considered the parties' submissions, the civil and criminal record, and the relevant law, the undersigned recommends that Mr. Francisco-Silvestre's claim for relief be **DENIED**.

---

[1] United States District Judge Kea W. Riggs referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) on May 6, 2020. (Doc. 7.)

[2] Because Mr. Francisco-Silvestre is proceeding *pro se*, the Court construes his pleadings liberally but does not adopt the role of his advocate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]" (internal quotation marks omitted)); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

I.         **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about March 21, 2019, United States Border Patrol agents "encountered" Mr. Francisco-Silvestre in Hidalgo County, New Mexico. (CR Doc. 1 at 1.)[3] When questioned about his citizenship, Mr. Francisco-Silvestre admitted to being a citizen of Guatemala, illegally present in the United States. (*Id.*) Mr. Francisco-Silvestre was arrested and, on March 23, 2019, charged by criminal complaint with Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a)(1)/(b)(1). (CR. Doc. 1.) Following his initial appearance, the Court appointed counsel to represent him. (CR Docs. 2, 3.) On March 29, 2019, Mr. Francisco-Silvestre appeared for a detention hearing, at which the Court ordered that he be detained as a flight risk pending trial. (CR Doc. 4, 5.)

On April 17, 2019, pursuant to a fast-track plea agreement, Mr. Francisco-Silvestre pled guilty to an information charging him with reentry of a removed alien. (CR Docs. 9, 13, 22.) The information specifically charged that

> [o]n or about March 21, 2019, the defendant, JUAN FRANCISCO-SILVESTRE, an alien, knowingly entered, attempted to enter, and was found in the United States, in Hidalgo County, in the District of New Mexico, contrary to law in that the defendant had been previously deported, excluded and removed and departed the United States on or about September 12, 2013[.]

(CR Doc. 9.) At his plea hearing, after swearing to tell the truth, Mr. Francisco-Silvestre affirmed that the information had been read to him in Spanish, and that the facts in it were "true and correct." (CR Doc. 22 at 10-11, 18-19.) He also expressed satisfaction with his counsel and affirmed his understanding of his plea agreement and the charge against him, including the elements of the crime. (CR Doc. 22 at 6-7, 10-11, 12-14.) The Court found that Mr. Francisco-Silvestre was aware of the nature of the charge against him and the consequences of his plea, and that his plea was

---

[3] References to "CR Doc." are to the docket in the underlying criminal case, Cr. No. 19-1145-KWR-KK.

knowingly and voluntarily made and supported by sufficient facts. (CR Doc. 22 at 19.) The Court further found Mr. Francisco-Silvestre to be competent and capable of entering an informed plea, accepted his plea of guilty, and adjudged him guilty of the charge of reentry of a removed alien. (CR Doc. 22 at 17, 19.)

On August 12, 2019, the Court sentenced Mr. Francisco-Silvestre to sixteen months' imprisonment to be followed by three years' unsupervised release. (CR Docs. 18, 19.) He now moves to have his conviction and sentence set aside, alleging that the statute of limitations applicable to the crime for which he was convicted expired before April 17, 2019, and that defense counsel's failure to move to dismiss the information as time-barred constituted ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. (*See* Doc. 1 at 5.) As explained below, Mr. Francisco-Silvestre's claim lacks merit and the Court should therefore deny his Motion.

## II. APPLICABLE LAW

Pursuant to 28 U.S.C. § 2255, a federal prisoner who

> claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). This remedy "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to prevail in an action brought under § 2255, a movant must show a defect in the proceedings which resulted in "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). The burden is on the movant to allege facts that, if proven, would entitle him to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254

3

F.3d 1180, 1188 n.1 (10th Cir. 2001). To meet that burden, the movant's "allegations must be specific and particularized, not general or conclusory." *Id.*

"District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). Courts may decide a motion brought under 28 U.S.C. § 2255 without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

Claims that a defendant was denied the effective assistance of counsel are cognizable in habeas proceedings. *See Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a claim of ineffective assistance of counsel, the movant must satisfy both prongs of a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

*Id.* at 687. "If [the movant] is unable to show either 'deficient performance' or 'sufficient prejudice,' his claim of ineffective assistance necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010). Courts "may address the performance and prejudice components in any order, but need not address both if [the movant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

Regarding the first *Strickland* prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689; *see Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (stating that "review of counsel's performance under the first prong of

*Strickland* is a highly deferential one" (internal quotation marks omitted)). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch*, 58 F.3d at 1459).

Counsel's failure to raise a statute-of-limitations defense constitutes deficient performance where it is clear from the face of the indictment or information that the statute of limitations has run. *See, e.g.*, *United States v. Liu*, 731 F.3d 982, 995-98 (9th Cir. 2013) (stating that where the date of the conduct alleged in the indictment was more than five years earlier than the date of the indictment and the statute of limitations was five years, "[w]e can think of no legitimate reason for . . . trial counsel not to have raised the obvious statute-of-limitations defense"). In contrast, counsel's failure to raise a statute-of-limitations defense is not constitutionally deficient where the defense is plainly meritless on the facts. *See, e.g.*, *United States v. Lopez*, 749 F. App'x 273, 276 (5th Cir. 2018) (unpublished) (holding that where the defendant conceded there was evidence that he had participated in a conspiracy within five years of the indictment's issuance, counsel did not render ineffective assistance by failing to make a meritless objection that the indictment was time-barred). Nor is counsel's failure to raise a statute-of-limitations defense necessarily deficient where the statute's applicability is unsettled as a matter of law. *See, e.g.*, *Weingarten v. United States*, 865 F.3d 48, 54-58 (2d Cir. 2017) (holding that counsel did not perform deficiently by failing to challenge the retroactivity of an amended statute of limitation where there was a "lack of authority" on the issue and the argument that counsel allegedly failed to make was "not so

obvious"). If the untimeliness of the charge is not apparent from the face of the indictment or information, the question is whether counsel's failure to raise a statute-of-limitations defense, considered in light of all the circumstances, was outside the wide range of professionally competent assistance. *See Strickland*, 466 U.S. at 690.

### III.   ANALYSIS

In his Motion, Mr. Francisco-Silvestre argues that his trial counsel provided him with ineffective assistance by failing to raise a statute-of-limitations defense against the illegal reentry charge against him in this case.[4] (Doc. 1 at 5.)  In support of this argument, Mr. Francisco-Silvestre states that he "was deported to Guatemala on June 19, 2013[5] and returned to the United States on M[a]rch 21, 2019" and asserts that, "more than five[]year[s] passed between when [he] was found in the United States[] and the United States charged him with illegal reentry of a removed alien." (Doc. 1 at 5.)  However, Mr. Francisco-Silvestre's concession that he returned to the United States on March 21, 2019—the same day he admitted to having been found in the United States at his plea hearing, (CR Doc. 22 at 17-18)—fatally undermines his statute-of-limitations argument.  In

---

[4] Mr. Francisco-Silvestre's Reply contains two passing references to *Powell v. Alabama*, 287 U.S. 45 (1932), which stands for the proposition that the right to the effective assistance of counsel includes the right to have a lawyer adequately investigate the facts and prepare the case for plea. (Doc. 4 at 4, 13.) It is true that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690; *see Heard v. Addison*, 728 F.3d 1170, 1179 (10th Cir. 2013) ("A criminal defense lawyer has a duty to conduct reasonable investigations into her client's case, which extends to the law as well as the facts."). However, "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 690. Mr. Francisco-Silvestre's pleadings contain not even a conclusory allegation that his trial counsel failed to investigate whether the charge against him was time-barred, much less any factual averments to support such an allegation. As such, the Court does not separately address whether counsel was constitutionally ineffective for failing to investigate whether the charge against Mr. Francisco-Silvestre was time-barred.

[5] The Court notes that Mr. Francisco-Silvestre is mistaken as to the date he was deported in 2013.  In truth, on June 19, 2013, Mr. Francisco-Silvestre was still incarcerated and serving a twenty-one-month custodial sentence on his fourth conviction for illegal reentry of a removed alien out of the Southern District of California. (CR Doc. 14 at 8-10.)  He was also pending proceedings on a petition for revocation of supervised release in his third illegal reentry conviction out of this District.  (*Id.* at 9, *United States v. Francisco-Silvestre*, Cr. No. 08-624 JTM.)  And, as he admitted at his change of plea hearing in this case (his fifth conviction for illegal reentry of a removed alien), he was actually deported from the United States on September 12, 2013. (CR Doc. 22, 18-19, CR Doc. 9.)

these circumstances, and as further explained below, defense counsel did not provide ineffective assistance by failing to seek dismissal of this case on statute-of-limitations grounds because it would have been meritless to do so.

A charge of illegal reentry under 8 U.S.C. § 1326 is time-barred if brought more than five years after a person who has been previously deported either (1) enters, (2) attempts to enter, *or* (3) is found in the United States. *See* 18 U.S.C. § 3282(a) (providing that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed"); *United States v. Olivas-Perea*, 297 F. Supp. 3d 1191, 1207 (D.N.M. 2017) ("One commits an Illegal Reentry offense by: (i) being an alien who 'has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding'; and (ii) 'enter[ing], attempt[ing] to enter, or at any time [being] found in, the United States' without the Attorney General's express consent." (alterations in original) (quoting 8 U.S.C. § 1326(a)).

"The offenses of entry and attempted entry are complete when the deported alien enters or attempts to enter through a recognized . . . port of entry." *United States v. Gomez*, 38 F.3d 1031, 1034 (8th Cir. 1994). "Thus, when the alien enters (or attempts to enter) through a recognized port of entry, the statute of limitations begins to run as soon as the (attempted) entry is effected." *Id.* at 1034.

However, if the alien enters the United States surreptitiously, the offense committed under § 1326 is a continuing offense that is not complete—and thus the statute of limitations does not begin to run—until the person is "found" in the United States. *See Toussie v. United States*, 397 U.S. 112, 115 (1970) (explaining that statutes of limitations for criminal offenses "normally begin

to run when the crime is complete" (quotation marks and citation omitted)); *United States v. Villarreal-Ortiz*, 553 F.3d 1326, 1330 (10th Cir. 2009) ("Our precedent demonstrates that the crime of being 'found' in the United States is a continuing offense, and in the case of a surreptitious entry, that crime is first committed when the defendant voluntarily reenters the country and continues to be committed until the defendant is 'found.'"). Moreover, the statute does not begin to run until the *federal* government has "found" the defendant. *See United States v. Clarke*, 312 F.3d 1343, 1347-48 (11th Cir. 2002) (per curiam) (collecting cases and concluding that the alien must be "found" in the United States by federal immigration officials and that state law enforcement's knowledge of a person's presence in the country cannot be imputed to the federal government).

A defendant is considered to be "found" under § 1326 when "the government knows, or could have known through the exercise of diligence typical of law enforcement, the following: (1) the defendant is a prior deportee, (2) the defendant is illegally present in the United States (i.e., the defendant is an illegal alien), and (3) the defendant's whereabouts." *Villarreal-Ortiz*, 553 F.3d at 1330. This is consistent with the purpose of the "found" provision, which is "intended to extend the definition of the offense to include those situations where the alien is the only one who knows the precise date of his surreptitious entry and knows that he has violated the law in reentering the country after he has been arrested and deported." *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996).

As he conceded at his change of plea hearing and in his Motion, Mr. Francisco-Silvestre both reentered and was found in the United States on March 21, 2019, less than one month before he knowingly and voluntarily pled guilty to and was convicted of doing so. Indeed, the Government's entire prosecution of Mr. Francisco-Silvestre—from the Criminal Complaint

lodged against him on March 23, 2019 to his August 12, 2019 sentencing—was concluded within mere months of the date he admittedly reentered and was found in the United States, and thus well within the five-year statute of limitations applicable to 8 U.S.C. § 1326 prosecutions. *See* 18 U.S.C. § 3282(a). And, because the Government's prosecution occurred within the five-year statute of limitations and was clearly not time-barred, Mr. Francisco-Silvestre's ineffective assistance of counsel claim based on counsel's failure to raise a baseless statute-of-limitations defense necessarily fails. *See also United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (stating that counsel's failure to raise a meritless issue is not prejudicial and thus cannot constitute ineffective assistance).

In arguing to the contrary, Mr. Francisco-Silvestre appears to confuse what events will cause the statute of limitations applicable to § 1326 to begin to run.[6] For example, he argues that he was "arrested [for] the illegal reentry more than five years following the date [he] was 'found' in the United States," (Doc. 6 at 9), and that the "five[-]year statute of limita[t]ions under § 1326 begins to run at the time the alien was deported." (Doc. 6 at 11.) In arguing that the statute of limitations applicable to the crime charged in *this* case began to run when his crime in an earlier case became complete, or at the time of one of his previous deportations,[7]

---

[6] However, when he entered his guilty plea in this case, Mr. Francisco-Silvestre expressed clear understanding of the circumstances and elements of his crime of conviction. (CR Doc. 22 at 6-14.)

[7] Mr. Francisco-Silvestre had been deported or removed from the United States at least six times prior to illegally reentering again in March 2019, and his lengthy criminal history includes among other convictions: (1) a 1999 conviction for illegal reentry of a removed alien in the United States District Court for the Western District of Texas and subsequent removal from the United States on January 18, 2001; (2) a 2007 conviction for illegal reentry of a removed alien in the United States District Court for the District of Nevada and subsequent removal on November 2, 2007; (3) a 2008 conviction for illegal reentry of a removed alien in this District and subsequent removal on July 18, 2009; and, (4) a 2012 conviction for illegal reentry of a removed alien in the United States District Court for the Southern District of California and subsequent removal on September 12, 2013. (CR Doc. 14 at 8-10). Mr. Francisco-Silvestre violated his supervised release in his 2008 District of New Mexico case by illegally reentering the United States in late 2011, and on August 19, 2013, this Court revoked his supervised release and sentenced him to credit for time served. *See United States of America v. Francisco-Silvestre*, Cr. No. 08-624 JTM (Docs. 20, 34, 35).

he is plainly incorrect.[8] *See Villarreal-Ortiz*, 553 F.3d at 1330; *Gomez*, 38 F.3d at 1034.  Neither Mr. Francisco-Silvestre's prior dates of removal, nor the dates on which he was "found" to be illegally present in the United States before these removals, have any bearing on when the statute of limitations began to run in this case, which arose from his illegal reentry in March 2019.

In short, the Motion and record in Mr. Francisco-Silvestre's criminal case conclusively show that the Government's prosecution of him was timely, and he has failed to demonstrate ineffective assistance of counsel or entitlement to the relief he seeks.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that no hearing be held and that the Court DISMISS with prejudice Mr. Francisco-Silvestre's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[8] If Mr. Francisco-Silvestre's assertion is meant to suggest that he was "found" on a date other than March 21, 2019, after having once again illegally reentered the United States sometime after his September 2013 deportation, he has failed to offer anything in support of this conclusory allegation, which the Court need not accept as true. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "the court need accept as true only the plaintiff's well-pled factual contentions, not his conclusory allegations"). Indeed, his pleadings include no factual averments whatsoever, only the foregoing conclusory allegation and erroneous assertions that his case is similar to other cases where courts have found illegal reentry charges to be time-barred. (*See* Doc. 1 at 5; Doc. 6 at 5, 8-9.)  In any event, the conviction at issue here is premised on his admitted act of having illegally reentered the United States on March 21, 2019, the same day Border Patrol Agents found and arrested him. (CR Docs. 1, 9, 22.)